618 S.E.2d 537

**STATE of West Virginia ex rel. Nancy VEDDER, Petitioner,**

v.

**Honorable Paul ZAKAIB, Jr., Judge of the Circuit Court of Kanawha County; and Nationwide Mutual Insurance Company, Respondents.**

No. 32266.

Supreme Court of Appeals of West Virginia.

Submitted March 22, 2005.

Decided May 16, 2005.

Concurring Opinion of Justice Benjamin June 15, 2005.

---

Christopher J. Heavens, Esq., Heavens Law Offices, Charleston, for Nancy Vedder.

Michelle Roman Fox, Esq., Martin & Seibert, L.C., Charleston, for Angela Owens & Nationwide Mutual Insurance Company.

Andrew P. Workman, Esq., Law Offices of Dana F. Eddy, Charleston, for Nationwide Mutual Insurance Company.

MAYNARD, Justice.

Petitioner, Nancy Vedder, seeks a writ of mandamus from this Court to compel the Circuit Court of Kanawha County to grant Petitioner's motion to amend her complaint to add a cause of action for spoliation of evidence against Respondent Nationwide Mutual Insurance Company. For the reasons that follow, we deny the requested writ.

## I.

### FACTS

On March 16, 2001, Petitioner Nancy Vedder was driving her husband's 1997 Toyota 4Runner down Horsepen Mountain in Mingo County when she was involved in a single-car roll-over automobile crash. Petitioner claims that she crashed after swerving to avoid an unidentified automobile traveling in the opposite direction and occupying part of Petitioner's lane. Petitioner or her husband notified their automobile insurer, Respondent Nation-

wide Mutual Insurance Company, of the accident and filed an uninsured motorist claim with Respondent.

In April 2001, Petitioner retained legal counsel who by letter dated April 19, 2001, requested that Respondent "store the vehicle, which Ms. Vedder was driving[,] until such time as I may have an expert examine the vehicle." Respondent replied to Petitioner's counsel and incorrectly indicated that no claim had yet been opened with Respondent in regards to Petitioner's accident, and that Respondent needed the correct policy number of the claim before any further action could be taken. Actually, Respondent already had set up a claim and made payments on behalf of Petitioner. Also, during approximately this same time period, an employee of Respondent determined that Petitioner's vehicle was totaled, and the Respondent sold the vehicle to a salvage yard in May 2001.

In January 2002, Petitioner's counsel contacted Respondent and requested information regarding the vehicle's location. By letter dated January 11, 2002, Respondent informed Petitioner's counsel that "the vehicle has been sold to a salvage yard." In addition, on January 17, 2002, Respondent provided Petitioner's counsel with salvage documents which identified the vehicle's purchaser. On March 14, 2003, Petitioner filed a complaint in the Circuit Court of Kanawha County against, among others, Respondent, Toyota Motor Sales, U.S.A., Inc., and Toyota Motors Distributors, Inc. (hereafter "Toyota"), in which she asserted claims for negligence and product liability, and Respondent Nationwide, in which she asserted claims for bad faith and unfair claim settlement practices.[1]

On January 27, 2004, Toyota inspected the vehicle at the salvage yard accompanied by Petitioner's counsel. At that time, the vehicle was found to have been substantially altered since Petitioner's accident.[2] Consequently, Petitioner filed a motion on April 23, 2004, to amend her complaint to add a cause of action against Respondent for spoliation of

---

1. Petitioner also named in her complaint Angela Owens individually and as an agent of Respondent.

2. As a result of the vehicle's alteration, the circuit court granted summary judgment to Toyota.

evidence based on *Hannah v. Heeter,* 213 W.Va. 704, 584 S.E.2d 560 (2003), which this Court decided on June 30, 2003. The circuit court denied the motion to amend.

Petitioner thereafter filed a motion for relief, under Rule 60 of the West Virginia Rules of Civil Procedure, from the circuit court's order denying her motion to amend her complaint. After a hearing, the circuit court, by order of September 30, 2004, denied Petitioner's motion for relief.[3] The circuit court found, first, that a spoliation claim would not relate back to the original complaint because the spoliation claim arises out of a different occurrence and transaction than those facts originally asserted against Nationwide. In addition, the circuit court concluded that the two-year statute of limitations on the spoliation claim had run because Petitioner's counsel was made aware in January 2002 that the vehicle had been sold for salvage, yet Petitioner did not file her motion to amend her complaint until April 23, 2004, two years and three months later. Finally, the circuit court determined that Petitioner was dilatory in asserting and/or investigating a potential spoliation claim because, even though Petitioner knew as early as January 2002 that the vehicle had been sold for salvage, she took no action either to inspect or store the vehicle.

Petitioner now presents this Court with her petition praying for a writ of mandamus to compel the circuit court to permit her to amend her complaint to assert a spoliation claim against Respondent Nationwide based on the alteration of the vehicle Petitioner was driving at the time of her accident.

## II.

### STANDARD OF REVIEW

This Court has held that "[a] writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 2, *State ex rel. Kucera*

*v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

## III.

### DISCUSSION

Petitioner asserts that the circuit court erred by refusing to allow her to amend her complaint and assert a spoliation of evidence claim against Respondent. Rule 15(a) of the West Virginia Rules of Civil Procedure, which governs the amendment of pleadings, provides in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." This Court held in Syllabus Point 3 of *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973) that,

> The purpose of the words "and leave [to amend] shall be freely given when justice so requires" in Rule 15(a) W.Va.R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue.

Petitioner asserts that this Court's liberal application of Rule 15(a) and the fact that Respondent has not shown that it would suffer prejudice as a result of Petitioner's proposed amendment compel the circuit court to grant her motion to amend.

One of the reasons stated by the circuit court for denying Petitioner's motion to amend was Petitioner's dilatoriness in asserting her potential spoliation claim. The circuit court explained:

> The Court further finds that the Plaintiff was dilatory in asserting and/or investigating a possible spoliation of evidence claim

---

**3.** The circuit court found that Petitioner's Rule 60 motion was improper and beyond the scope of Rule 60, but nevertheless reiterated its reasons for denying Petitioner's motion to amend.

against Nationwide. In this regard, the Court finds that although the Plaintiff knew as early as January 17, 2002 that the subject vehicle had been sold for salvage, the Plaintiff failed to take any action whatsoever to either inspect the vehicle .or continue to store the vehicle, even though Nationwide, at this time in January, 2002, provided the Plaintiff with the exact location of said vehicle. The Court finds the Plaintiff knew or should have known that the vehicle was a vital piece of evidence for her claim against Toyota, but instead choose [sic] to ignore said evidence and failed to take any steps whatsoever to secure the vehicle or to allow the same to be inspected by Toyota. The Plaintiff sat on her duty to investigate her claim.

We agree with the circuit court's reasoning. This Court has recognized that,

> The liberality allowed in the amendment of pleadings [pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure] does not entitle a party to be dilatory in asserting claims or to neglect his [or her] case for a long period of time. Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his [or her] neglect and delay.

*Mauck v. City of Martinsburg*, 178 W.Va. 93, 95, 357 S.E.2d 775, 777 (1987) (citations omitted).[4] *See also* Franklin D. Cleckley, Robin

J. Davis & Louis J. Palmer, Jr., *Litigation Handbook On West Virginia Rules of Civil Procedure* § 15(a), at 334 (2002) (explaining that liberality allowed in amendment of pleadings does not entitle party to be dilatory in asserting claims or to neglect case for long period of time).

For example, in *Consolidation Coal v. Boston Old Colony*, 203 W.Va. 385, 508 S.E.2d 102 (1998), the appellant moved to amend its complaint to add claims for bad faith and unfair settlement practices approximately 16 months after this Court decided *State ex rel. State Farm Fire v. Madden*, 192 W.Va. 155, 451 S.E.2d 721 (1994) which held that, under appropriate circumstances, statutory bad faith claims may be joined in an original pleading or added to an original pleading against an insured. The circuit court in *Boston Old Colony* denied the motion to amend finding that the appellant had been dilatory in pursuing the claims. This Court agreed and found that the circuit court did not abuse its discretion in denying the appellant's motion to amend its complaint. Also, in *McCoy v. CAMC, Inc.*, 210 W.Va. 324, 557 S.E.2d 378 (2001),[5] this Court found the delay in filing a motion to amend a complaint unreasonable where the plaintiffs began asserting a new theory of their case as early as July 2000 but did not actually file a motion to amend the complaint until October 16, 2000.[6]

Application of the above-stated law to the instant circumstances leads us to conclude

---

4. In regards to reviewing denials of motions to amend on appeal, our law provides that,

> A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

Syllabus Point 6, *Perdue v. S.J. Groves and Sons Company*, 152 W.Va. 222, 161 S.E.2d 250 (1968).

5. In *McCoy*, the plaintiffs filed their action on January 3, 1997. They filed their motion to amend the complaint on October 16, 2000, the same date the circuit court entered an order indicating that the case was going to be dismissed for failure to prosecute if the parties did not comply with the directives of the circuit court.

6. *But see Dzinglski v. Weirton Steel Corp.*, 191 W.Va. 278, 445 S.E.2d 219 (1994), where this Court affirmed the circuit court's leave to amend the plaintiff's complaint to assert a claim for intentional infliction of emotional distress two weeks before trial and six and one-half years after the action was begun. In *Dzinglski*, however, the outrage claim arose from the same set of facts as those in the original complaint unlike the instant case where Petitioner did not state the facts underlying a spoliation claim in her original complaint even though she knew of those facts at the time of her complaint or could have known of them by the exercise of due diligence. In addition, *Dzinglski* involved an appeal where the issue for this Court was whether the circuit court abused its discretion in granting the plaintiff's motion to amend his complaint. In contrast, our inquiry in the instant case is whether Petitioner has a clear legal right to amend her complaint.

that Petitioner was dilatory in filing her motion to amend her complaint. As noted previously, the facts indicate that by letter dated January 11, 2002, Respondent notified Petitioner's counsel that "the vehicle has been sold to a salvage yard." Petitioner contends that she did not discover that the vehicle had been spoliated in January 2002 because she had no evidence that the vehicle was altered as of that date. Petitioner further claims that she did not actually know of the alteration of the vehicle until Toyota inspected the vehicle on January 27, 2004. We reject these arguments. It should have been apparent to Petitioner at the time she learned the vehicle had been sold to a salvage yard that it was likely the vehicle would be dismantled and its salvageable parts sold. Due diligence demanded, therefore, that Petitioner inquire into the vehicle's condition to determine whether the vehicle had been altered or still could be preserved. Instead, Petitioner made absolutely no effort to inspect the vehicle and only discovered the vehicle's altered condition more than two years later when Toyota inspected it.

The circuit court also based its denial of Petitioner's motion to amend her complaint on the basis that,

> the precise facts upon which the Plaintiff now relies to attempt to assert a spoliation of evidence claim against Nationwide were undisputably known to her at the time the original complaint was filed in this matter; however, she made no mention or reference whatsoever to these facts or a claim of spoliation [of] evidence, or to Nationwide's alleged failure to store the subject vehicle at the time the original complaint was filed.

We agree with the circuit court that this is a proper ground for denying Petitioner's motion to amend. "[C]ourts have denied leave to amend when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1488 (2d ed.1990) (footnote omitted). In the instant case, when Petitioner filed her complaint on March 14, 2003, she knew that

Respondent had not retained the vehicle but instead had sold it to a salvage yard. Nevertheless, Petitioner did not state these facts in her complaint.

Petitioner contends, however, that she did not become aware of the fact that she had a cause of action for spoliation until this Court recognized such a cause of action in *Hannah v. Heeter* on June 30, 2003. We likewise find no merit to this contention. Although *Hannah* is this Court's first formal recognition of the viability of spoliation claims, we had not previously rejected the viability of such claims. For example, in *Harrison v. Davis,* 197 W.Va. 651, 478 S.E.2d 104 (1996), one of the issues was whether the circuit court erred by dismissing the appellant's spoliation claim. We discussed the tort of spoliation of evidence and stated:

> The claim for spoliation of evidence is a novel issue in this State. Although we have decided two cases involving such a claim, we have yet to recognize spoliation of evidence as a valid cause of action. *See State ex rel. State Farm Fire & Casualty Co. v. Madden,* 192 W.Va. 155, 451 S.E.2d 721 (1994) (noting that plaintiff alleged spoliation of evidence in his amended complaint); *Taylor v. Ford Motor Co.,* 185 W.Va. 518, 408 S.E.2d 270 (1991) (refusing to determine validity of cause of action for spoliation of evidence). We again decline to resolve the viability of such a cause of action because we find the circuit court properly dismissed the plaintiff's spoliation of evidence claim as untimely filed.

197 W.Va. at 664, 478 S.E.2d at 117 (footnotes omitted). Further, in *Adkins v. K–Mart Corp.,* 204 W.Va. 215, 223, 511 S.E.2d 840, 848 (1998), we indicated the likely viability of spoliation claims. Specifically, we opined:

> Previously, this Court has declined to address whether or not spoliation of evidence is a valid cause of action. Several other states, however, have recognized the tort of intentional and/or negligent spoliation of evidence. *It appears there may be a valid cause of action for spoliation of evidence in appropriate cases.* Depending on the outcome of the trial in the instant matter, either Appellants or Appellees might be

able to seek damages in a spoliation of evidence cause of action. Because we do not have before us a full record, we decline to address at this time the precise elements of such a claim. (Footnotes and citations omitted and emphasis added).

*See also Tracy v. Cottrell,* 206 W.Va. 363, 371 n. 5, 524 S.E.2d 879, 887 n. 5 (1999) (noting that "[i]n the instant proceeding, we have not been asked to determine whether a claim of spoliation of evidence constitutes a cause of action in West Virginia, so we do not address that issue herein"). It is clear from these cases that at the time Petitioner learned of the potential alteration of the vehicle, this Court had recognized that there may be a valid cause of action for spoliation of evidence in appropriate cases. Thus, there was no legal impediment to bringing a spoliation claim in January 2002. Contrary to Petitioner's assertion, therefore, she should have been aware of the existence of a cause of action for spoliation of evidence prior to this Court's decision in *Hannah v. Heeter.*

However, even if this Court were to accept Petitioner's contention that she was not aware of the existence of a spoliation cause of action until June 30, 2003, the fact remains that Petitioner waited until April 23, 2004, almost ten months later, before moving to amend her complaint. This Court believes that, under the facts of this case and in light of the fact that Petitioner has not demonstrated a valid reason for such dilatoriness, a delay of ten months justifies the circuit court's denial of leave to amend Petitioner's complaint.

## IV.

## CONCLUSION

■ In conclusion, we find that, in the absence of a valid reason, a delay of two years and three months from the time Petitioner became aware of a potential claim for spoliation of evidence until the time she moved to amend her complaint to assert such a claim is unreasonable and constitutes a lack of diligence. We further find that this lack

of diligence justifies the circuit court's denial of leave to amend Petitioner's complaint. Therefore, we conclude that Petitioner does not have a clear legal right to the relief sought, nor is there a legal duty on the part of the circuit court to do the thing which Petitioner seeks to compel. Accordingly, the writ of mandamus sought by Petitioner is denied.[7]

Writ denied.

STARCHER, Justice, concurs.

BENJAMIN, Justice, concurring.

(Filed June 15, 2005)

I concur with the majority's decision to deny the requested writ of mandamus in the instant matter and agree that Petitioner was dilatory in filing her motion to amend her complaint. I write separately to point out timing issues related to Petitioner's initiation of suit against other defendants in this matter which I find troubling.

The automobile accident underlying Petitioner's initial complaint occurred on March 16, 2001. Shortly thereafter, Petitioner retained counsel who, by letter dated April 19, 2001, requested that Respondent store the subject Toyota vehicle until Petitioner's counsel could have an expert examine the same. Notwithstanding this request, and apparently unknown to Petitioner, Respondent sold the vehicle to a salvage yard in May 2001. After a contact by Petitioner's counsel in January 2002, Respondent informed Petitioner's counsel, by letter dated January 11, 2002, that the vehicle had been sold to a salvage yard. Within one week, on January 17, 2002, Respondent provided Petitioner's counsel with documents identifying the vehicle's purchaser. Petitioner, therefore had actual knowledge of the disposition and location of the subject vehicle by mid-January 2002. It perhaps goes without saying that had Petitioner acted at this point, the outcome on this appeal would arguably be different from that reached by the Court.

---

7. Petitioner also asserts error in the circuit court's finding that a spoliation claim would not relate back to Petitioner's original complaint under West Virginia Rule of Civil Procedure

15(c)(2) and that the statute of limitation had run on her spoliation claim. Because of the manner in which we have disposed of this case, we need not consider this issue.

More than one year after receiving the information regarding the vehicle's sale and disposition, and nearly two years after the subject accident, Petitioner filed a complaint in the Circuit Court of Kanawha County, on March 14, 2003, naming as defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motors Distributors, Inc. (hereinafter collectively "Toyota"), and Respondent, among others. Petitioner's complaint against Toyota asserted claims for negligence and products liability; yet no attempt was made by Petitioner to examine the vehicle prior to the filing of this pleading.

As part of its discovery, Toyota itself sought to inspect the subject vehicle. On January 27, 2004, Toyota, accompanied by Petitioner's counsel, inspected the vehicle at the salvage yard and found the vehicle to be substantially altered. It appears from the limited record before this Court and the admissions of Petitioner's counsel at oral argument, that the January 27, 2004 inspection was the first viewing of the vehicle by Petitioner or her representatives after the March 16, 2001 accident. It further appears that this observation was simply a viewing and not a true inspection by Petitioner. Indeed, Petitioner's counsel sent a letter to Respondent's counsel indicating that he was attending the Toyota inspection to observe and would, based upon the results of the Toyota inspection, seek to have the vehicle inspected by Petitioner's expert at a *later* date. It is unclear when such a supposed later involvement of an expert by Petitioner would finally occur. It is, however, abundantly clear from the record in this alleged products liability case that as of almost three years after Petitioner's underlying accident, Petitioner had yet to even schedule an expert to examine the subject vehicle. More importantly, despite this failure to examine and inspect the vehicle, Petitioner, with the actual knowledge that the disposition of the subject vehicle was at a salvage company proceeded to file a cause of action against Toyota which made factual claims of product defect.

It seems clear now from the limited record before this Court and the admissions of counsel at oral argument that a complaint was filed by Petitioner against Toyota asserting claims based upon negligence and product defect despite Petitioner never inspecting, nor even attempting to inspect the subject vehicle to determine if a valid basis for such a claim existed. This initiation of a product liability claim without as much as an inspection or examination by Petitioner to establish evidentiary support for such a claim is disturbing. The fact that an accident occurred does not presuppose the existence of a product defect. Here, a reasonable and timely inquiry by Petitioner would not only have likely preserved her own rights vis-a-vis Nationwide,. but also would have revealed the profound evidentiary problems with her product liability claim against Toyota *prior* to its filing.