# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Samuel J. Swiger and Brenda F. Swiger,
individually, and as next friend of
Joseph S. Swiger, an infant, all
individually, and as representatives
of the class of other similarly situated
individuals,
Plaintiffs Below, Petitioners,

**FILED**

**June 17, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 15-0596  (Harrison County 05-C-91-3)

United Valley Insurance Company,
a foreign corporation doing business in
West Virginia, UGI Corporation, a foreign
corporation doing business in West Virginia,
Lon R. Greenberg, Euguene Van Name Bissell,
R. Paul Grady, Crawford & Company, a
corporation doing business in West Virginia, a/k/a
Crawford & Company Insurance Adjusters, Inc.,
Mark P. Griffith, Daniel W. Hoover, individuals,
Associated Electric & Gas Insurance Services, Ltd.
(AEGIS), National Union Fire Insurance Company
of Pittsburgh, Energy Insurance Mutual, Ltd.,
Starr Excess Liability Insurance Company, Ltd.,
and American International Group, Inc.,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioners and plaintiffs below, Samuel J. Swiger and Brenda F. Swiger, individually, and as next friend of Joseph S. Swiger, an infant, individually, and as representatives of the class of other similarly situated individuals, by counsel David J. Romano, appeal the May 18, 2015, order of the Circuit Court of Harrison County that denied their motion to add additional parties as named class representatives and motion to amend or modify the circuit court's previous order denying petitioners' motion to certify a class. Respondents and defendants below, United Valley Insurance Company, UGI Corporation, Lon R. Greenberg, Euguene Van Name Bissell, R. Paul Grady, by counsel James A. Varner, Sr., James N. Riley, and Debra Tedeschi Varner; Crawford & Company, a/k/a Crawford & Company Insurance Adjusters, Inc., Mark P. Griffith, Daniel W. Hoover, by counsel Richard J. Bolen, and Melissa Dodd Veltri; Associated Electric & Gas Insurance Services, Ltd. (AEGIS), Energy Insurance Mutual, Ltd., by counsel Jonathan L. Anderson; National Union Fire Insurance Company of Pittsburgh, Starr Excess Liability

1

Insurance Company, Ltd., and American International Group, Inc., by counsel John H. Tinney, Jr. and John K. Cecil, filed a response. Petitioners submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

## Monongalia County Action

On October 20, 1996, an explosion and resulting fire occurred at the home of Petitioners Samuel and Brenda Swiger ("the Swigers"), causing property damage and personal injuries to Petitioner Samuel Swiger and the Swigers' infant son. The Swigers filed a complaint against AmeriGas Propane ("AmeriGas"), a subsidiary of Respondent UGI Corporation ("UGI"), in the Circuit Court of Monongalia County, alleging that AmeriGas had improperly installed an underground liquid propane gas line at too shallow a depth on the Swigers' property. The propane line was breached, causing gas to leak into the home, and ignite.

The Swigers's complaint also included class action allegations. The purported class consisted of others in West Virginia who had underground propane gas lines installed by AmeriGas and for whom the Swigers' sought reinstallment or replacement of the propane lines to an appropriate depth, in accordance with national fire code regulations. Other than the Swigers, none of the members of the purported class had suffered any personal injury or property damage. By order entered October 21, 1999, the circuit court granted class certification.

Thereafter, in 2001, the Swigers settled their individual claims for $210,000, and the settlement was approved by the circuit court in 2003. As part of the dismissal of the individual claims, it was agreed that the Swigers could remain as the named class representatives with respect to any class claims that they may be deemed to possess, but that any award the Swigers may receive for any class claim would be limited to nominal damages of no more than $100.

A settlement agreement was reached in or around December of 2010, defining the settlement class, in essence, as those who had an AmeriGas propane system on their property in West Virginia. The settlement class did not include anyone who had suffered damages as a result of any fire, explosion, or other similar catastrophe, nor did it include any property damage or personal injury claims from an explosion or fire cause by AmeriGas propane systems. Furthermore, the settlement agreement did not release AmeriGas from liability for personal injury or property damage claims that might be asserted by any member of the settlement class due to any explosion, fire, or other calamity involving a member's propane system.

By order entered August 12, 2011, the circuit court gave final certification and approval of the settlement class, which was thereafter administered pursuant to their classification in six categories.

## Harrison County Action

On October 23, 2002, and February 16, 2005, the Swigers filed complaints on their own behalf and in the instant action, respectively, in the Circuit Court of Harrison County. The cases were consolidated by order entered April 27, 2006. The Swigers's primary claim is that the insurance company respondents violated the West Virginia Unfair Trade practices Act ("UTPA") by failing to investigate or properly adjust the Monongalia County class members' claims. The Swigers further asserted claims of negligence, civil conspiracy, violation of the Unauthorized Insurers Act, and intentional conduct for the alleged failure of AmeriGas to disclose insurance information to the class members in the Monongalia County action.

On July 25, 2013, the Swigers filed a motion to certify the present case as a class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure.[1] A hearing on the motion was conducted on February 21, 2014. By order entered January 26, 2015, the circuit court denied the motion to certify the class, finding that the Swigers failed to satisfy the "typicality" and "adequacy of representation" requirements of Rule 23(a). The circuit court further found that the Swigers failed to satisfy the predominance criteria set forth in Rule 23(b)(3). The circuit court ordered that the remainder of the Swigers's individual claims of bad faith and violations under the UTPA would be allowed to proceed.

---

[1] Rule 23 of the West Virginia Rules of Civil Procedure states, in relevant part, as follows:

> **(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

> . . . .

> (3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Thereafter, the Swigers filed a motion to alter or amend the January 26, 2015, order, which motion the circuit court denied by order entered February 25, 2015. Meanwhile, on February 20, 2015, the Swigers filed a motion to add additional parties, namely Frank J. Yablonsky and Andrew J. Sorine, as named class representatives and to amend or modify the January 26, 2015, order denying class certification. By order entered May 18, 2015, the circuit court denied the Swigers's motions. This appeal followed.

The Swigers's first assignment of error is that the circuit court erred in denying class certification in this case. The Swigers argue that they met the essential criteria of Rule 23, including that their claims were typical of the class, as required by Rule 23(a)(3); that they can adequately represent the interests of the putative class, as required by Rule 23(a)(4); and that common questions of law or fact predominated over issues affecting only the putative class, as required by Rule 23(b)(3). The Swigers further argue that, in denying class certification, the circuit court improperly decided the merits of the case.

> Before certifying a class under Rule 23 of the *West Virginia Rules of Civil Procedure* [1998], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a)— numerosity, commonality, typicality, and adequacy of representation—and has satisfied one of the three subdivisions of Rule 23(b). As long as these prerequisites to class certification are met, a case should be allowed to proceed on behalf of the class proposed by the party.

Syl. Pt. 8, *In re W.Va. Rezulin Litig.*, 214 W.Va. 52, 585 S.E.2d 52 (2003).

Our review of the circuit court's order denying the Swigers's motion for class certification is guided by the following: "This Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] under an abuse of discretion standard." *Rezulin Litig.*, 214 W.Va. at 56, 585 S.E.2d at 56, syl. pt. 1. Furthermore,

> "[t]he party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the West Virginia Rules of Civil Procedure have been satisfied." Syllabus Point 6, *Jefferson County Board of Education v. Jefferson County Education Association,* 183 W.Va. 15, 393 S.E.2d 653 (1990).

*Rezulin Litig.*, 214 W.Va. at 56, 585 S.E.2d at 56, syl. pt. 4.

With these principles in mind, we first address the Swigers's challenge to the circuit court's conclusion that their claims were not typical of the putative class. The Swigers argue that whether their claims are typical of the class is governed by our holding in syllabus point twelve of *Rezulin Litigation*, in which we stated, in relevant part, that

> [t]he "typicality" requirement of Rule 23(a)(3) of the *West Virginia Rules of Civil Procedure* [1998] requires that the "claims or defenses of the representative

4

parties [be] typical of the claims or defenses of the class." A representative party's claim or defense is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

214 W.Va. at 57, 585 S.E.2d at 57.

In determining that the Swigers's claims did not satisfy the typicality requirement of Rule 23, the circuit court found that their individual claims were the only claims based upon an accident, fire, and explosion that resulted in property damage and personal injuries, and that their primary theory of liability was that respondents failed to fairly and promptly evaluate their individual claims in this regard. In contrast, the circuit court found that the other class members' primary theory of liability was that respondents failed to investigate *potential* claims. The circuit court also found that the Swigers's initial claim did not exceed the first layer of available insurance coverage based upon their pre-suit demand and that, given this fact, there was a question as to whether respondents were required to disclose that there was excess coverage or whether the respondent insurance companies had a duty to defend. On the other hand, the class claims could have triggered multiple layers of insurance coverage, which could have imposed additional duties on respondents.

On appeal, the Swigers point out that the circuit court found that "[t]he conduct alleged against the Defendants, regarding claim handling procedures during the Monongalia County action, is from a common nucleus of operative fact." The Swigers argue that the evidence necessary to prove the alleged wrongful conduct, and respondents' legal and factual defenses to such conduct, will be the same for the Swigers and the putative class. The Swigers further argue that the fact that they alone suffered a fire loss to their home and personal injuries does not alter their claims against respondents for UTPA bad faith insurance conduct, civil conspiracy, and the other alleged misconduct in this case. As the Swigers argue, "differences in the situation of each plaintiff or each class member do not necessarily defeat typicality[,]"and although the harm suffered "may differ in degree . . . so long as the harm suffered *is of the same type*," class certification should not be defeated. *Perrine v. DuPont*, 225 W.Va. 482, 524, 694 S.E.2d 815, 857 (2010). Likewise, the Swigers argue, class certification should not be denied based upon "[t]he fact that a defense may be asserted against the named representatives, as well as some other class members, but not the class as a whole[.] . . ." *Id. Accord Rezulin Litigation*, 214 W.Va. at 68, 585 S.E.2d at 68. Finally, the Swigers argue that the circuit court improperly considered and decided the merits of the case in arriving at its conclusion that the Swigers's claims were not typical of the class. The Swigers argue that the "threshold requirement[] of . . . typicality [is] not high[,]" *Brown v. Nucor Corp.*, 576 F.3d 149, 153 (4th Cir. 2009), and that the Swigers satisfied it in this case.

The Court finds no error. It is undisputed that the Swigers were the only members of the putative class who suffered property damage or personal injury as a result of the installation of the propane gas lines at issue. Their individual claims against AmeriGas in Monongalia County were expressly excluded from the class claims in that action, separately settled, and dismissed. Under the Monongalia County settlement, the Swigers's remaining class claims—if they were deemed to possess any such claims—were limited to the recovery of nominal damages not to

5

exceed $100. As respondents suggest, given this limitation, what "class claims" the Swigers would have been deemed to possess following the settlement of their individual claims is not at all clear. On the other hand, no member of the settlement class in the Monongalia County action asserted a claim based upon personal injury or property damage nor has any class member made a claim to the respondent insurers on his or her own behalf. Indeed, the settlement in that action expressly *excluded* any claims for personal injury or property damage "caused now or in the future" by the class members' propane system(s). Furthermore, the Swigers's bad faith claim in the instant case alleged that respondents violated the UTPA by failing to fairly and promptly evaluate and settle their *reasonably clear* property damage and personal injury claims (including offering a "low ball" settlement), while it is alleged that respondents failed to investigate the purported class members' *potential* claims based upon the *possibility* that their gas lines were improperly installed and the *possible* danger of an explosion or other consequence as a result. Based upon the foregoing, we find no abuse of discretion by the circuit court in its conclusion that the Swigers's claims were not typical of the claims of the putative class. Given our conclusion that the typicality requirement of Rule 23 was not satisfied in this case, and that, as a consequence, the Swigers did not satisfy all of the Rule 23 requirements necessary for class certification, *see Rezulin Litig.*, 214 W.Va. at 56, 585 S.E.2d at 56, syl. pt. 8, we need not address their argument that the circuit court erred in finding that the Swigers did not adequately represent the interests of the putative class or that the predominance requirement was not satisfied.

Given this Court's conclusion that class certification was properly denied, the Swigers next argue that the circuit court abused its discretion in denying their motion to add Frank J. Yablonsky and Andrew J. Sorine as class representatives. Both Yablonsky and Sorine had AmeriGas propane systems installed on their properties and were members of the Monongalia County class and the putative class herein. The Swigers argued below that adding them as class representatives "should satisfy [the circuit court's] concern regarding the typicality requirement" of Rule 23. However, the circuit court concluded that the Swigers "had ample opportunity to name new and additional class representatives at various times throughout the course of this litigation[;]" that, "for a significant length of time," the Swigers knew "of the issues presented by the Swigers remaining as the class representatives[;]" that Yablonsky and Sorine could have been added as named class representatives when this action was instituted in 2005; that the Swigers's motion to add Yablonsky and Sorine as class representatives was untimely made; that the delay in seeking to add additional named class representatives was not justified and respondents will be prejudiced by the same; and that "[t]the [c]omplaint filed in this case addressed personal injury and property damage claims, which are claims solely belonging to the Swigers and not other purported class members. For the same reasons the Court held the Swigers's claims were not typical of the putative class claims, it would not be appropriate to now join non-typical class claims to the Swigers's individual claims in this action."

On appeal, the Swigers argue that the motion to add Yablonsky and Sorine as class representatives before the circuit court was timely made because it was filed within the time frames set forth in the February 10, 2015, pretrial scheduling order and within thirty days after the motion for class certification was denied. The Swigers further argue that adding Yablonsky and Sorine as class representatives would have satisfied the typicality requirement of Rule 23 because, like the other putative class members, they did not suffer any property damage or personal injury from their propane systems. It is the Swigers's contention that the only real issue

6

is whether there would be prejudicial delay in adding Yablonsky and Sorine as class representatives in this case. The Swigers argue that no significant prejudice to respondents would occur given that the trial in this matter was not set to begin until September 2016, giving all parties ample time to prepare. The Swigers argue that, to the contrary, it would be the putative class that would suffer if the motion to add Yablonsky and Sorine as named class representatives is affirmed because it would deny them the opportunity to have their case heard on the merits.

Based upon our review of the record, we find no error. This Court has stated that "[l]ack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his or her neglect and delay." Syl. Pt. 3, in part, *State ex rel. Vedder v. Zakaib*, 217 W.Va. 528, 618 S.E.2d 537 (2005). The record in this case reveals that, in 2005, and again during the course of litigating their motion for class certification, counsel for the Swigers was aware that the Swigers's status as the named class representatives was problematic. Nonetheless, the Swigers made a strategic decision to test their viability as class representatives and, when they were unsuccessful (i.e., after the motion for class certification was denied), filed a motion to add Yablonsky and Sorine—that is, more than ten years after this case was commenced and the propriety of the Swigers's representative status was first raised. The Swigers's argument that their motion to add Yablonsky and Sorine was timely made under the February 10, 2015, pretrial scheduling order ignores the fact that the order was entered after the motion for class certification was denied. Thus, the time frames set forth in that order applied solely to the Swigers's individual claims, which were all that remained. Simply put, the Swigers's clear purpose in seeking to add Yablonsky and Sorine as class representatives is to re-litigate the issue of class certification, at additional time and expense to respondents. Indeed, adding additional named class representatives would require respondents to conduct additional discovery, including deposing Yablonsky and Sorine to determine if they are suitable class representatives, and re-litigate the issue of class certification.

This Court reviews the circuit court's ruling for an abuse of discretion. *See* Syl. Pt. 2, *Baldau v. Jonkers*, 229 W.Va. 1, 725 S.E.2d 170 (2011) (holding that "'[a] motion to amend a pleading is addressed to the sound discretion of the trial court and such discretion will not be disturbed on appeal unless there is a showing of abuse of discretion.' Syllabus Point 1, *Nellas v. Loucas,* 156 W.Va. 77, 191 S.E.2d 160 (1972)."). We find no abuse of the circuit court's discretion in its conclusion that the Swigers failed to articulate a compelling reason for the inordinate and unreasonable delay in seeking to add additional named class representatives and that respondents would be unfairly prejudiced by permitting the same.[2]

---

[2] To the extent the Swigers argue on appeal that the joinder of Yablonsky and Sorine was mandatory, under Rule 19 of the West Virginia Rules of Civil Procedure, or permissive, under Rule 20, we decline to address these arguments. Our review of the record reveals that, in the Swigers's February 20, 2015, motion to add additional parties as named class representatives, they argued that the addition of Yablonsky and Sorine would cure the typicality defect, "would be fair and just because to do otherwise may result in denial of class certification," and that, to deny the Swigers's motion "would likely preclude all of the remaining putative Class Members from obtaining any relief as well as foreclosing their alleged claims forever." Unlike their brief on appeal, the Swigers's motion before the circuit court failed to mention or otherwise argue the (continued . . .)

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 17, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin
Justice Margaret L. Workman

---

applicability of either Rule 19 or 20. As we have repeatedly held, "'[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.' Syllabus Point 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958)." Syllabus point 2, *Duquesne Light Co. v. State Tax Department,* 174 W.Va. 506, 327 S.E.2d 683 (1984). Syl. Pt. 5, *State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell*, 228 W.Va. 252, 719 S.E.2d 722 (2011). *See also State ex rel. Cooper v. Caperton,* 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996) (stating that "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect."). For this reason, we decline to address the Swigers's argument that Yablonsky and Sorine should have been added as named class representatives under the joinder rules set forth in Rule 19 or 20.