**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

2023 Spring Term

**FILED**

**June 12, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

No. 22-ICA-34

_____

AMERICAN BITUMINOUS POWER PARTNERS, L.P.,
Defendant Below, Petitioner,

v.

HORIZON VENTURES OF WEST VIRGINIA, INC.,
Plaintiff Below, Respondent.

_____

Appeal from the Circuit Court of Marion County

Honorable Patrick N. Wilson, Judge

Civil Action No. CC-24-2018-C-76

AFFIRMED

_____

Submitted: May 16, 2023

Filed: June 12, 2023

Roberta F. Green, Esq.
John F. McCuskey, Esq.
Shuman McCuskey Slicer PLLC.
Charleston, West Virginia
Counsel for Petitioner

Mark A. Kepple, Esq.
Benjamin P. Visnic, Esq.
Bailey & Wyant, PLLC
Wheeling, West Virginia

Joseph G. Nogay, Esq.
Sellitti Nogay & Nogay, PLLC
Weirton, West Virginia
Counsel for Respondent

CHIEF JUDGE GREEAR delivered the Opinion of the Court.

JUDGE LORENSEN, voluntarily recused.

JUDGE Jeffrey D. Cramer, sitting by temporary assignment

JUDGE SCARR, consensually disqualified.

JUDGE Darl W. Poling, Jr. sitting by temporary assignment

GREEAR, Chief Judge:

Petitioner, American Bituminous Power Partners, L.P. ("AMBIT') appeals the August 4, 2022, order of the Circuit Court of Marion County denying Ambit's "Motion to Alter, Amend Judgment." AMBIT contends that the circuit court erred in denying its motion and in determining that the award of summary judgment to Respondent, Horizon Ventures of West Virginia, Inc's ("Horizon"), as to its underlying claims against AMBIT was proper. Upon review, we find that the circuit court did not err in denying AMBIT's motion to alter or amend judgment or in awarding summary judgment to Horizon.

Here, the issue for consideration is limited only to the parties' consulting agreement, AMBIT's breach of said agreement, and Horizon's resulting damages. The record conclusively establishes that Horizon and AMBIT had a consulting agreement; that AMBIT unilaterally breached said agreement by failing to remit payment of fees due under that agreement; and that Horizon incurred related damages. As there is no genuine issue as to any material fact, summary judgment was appropriate. Accordingly, we find no error in the circuit court's ruling.

## Background

On June 25, 1987, the parties entered into a "Contract and Agreement" whereby AMBIT agreed to pay Horizon the sum of $50,000 per year, for consulting services

1

("consulting agreement").[1] [2] AMBIT was identified in the consulting agreement as being "engaged in a venture of establishing one or more electric power plants in . . . West Virginia." In the agreement, the parties expressly noted that they "negotiated an agreement wherein [Horizon] will provide expertise and consulting services within its field to [AMBIT] in its projects in West Virginia."

Under the terms of the consulting agreement, the parties' agreed that:

> [Horizon] will perform from time to time upon the reasonable request of [AMBIT], such public and governmental relations and liaison functions as are necessary or incident to aiding and assisting [AMBIT] in locating, permitting, licensing, developing, maintaining[,] and operating power plants in the State of West Virginia and will further aid in such other ventures as locating coal "gob" and all like coal resources when the same may be needed by [AMBIT].

Further, the consulting agreement explicitly noted, at paragraph three, that the agreement "sets forth the entire understanding and agreement between the parties" and that

---

[1] In addition to the consulting agreement, in the 1980s, the parties entered into a separate landlord-tenant lease agreement to govern the AMBIT-operated Grant Town Power Plant, which is located on a parcel of land owned by Horizon. The parties' lease agreement has been the subject of two previous decisions issued by the Supreme Court of Appeals of West Virginia. *See Am. Bituminous Power Partners, L.P. v. Horizon Ventures of W. Va., Inc.*, No. 14-0446, 2015 WL 2261649, at *1-2 (W. Va. May 13, 2015) (memorandum decision); and *Horizon Ventures of W. Va., Inc. v. Am. Bituminous Power Partners, L.P.*, 246 W. Va. 374, 873 S.E.2d 905 (2022). The parties' lease agreement is not relevant to the matter presently before this Court.

[2] The parties amended their consulting agreement to require AMBIT's yearly consulting services payments to Horizon to commence during the construction of the Grant Town Power Plant. The "Agreed-To Appendix" record before this Court includes an unexecuted amendment to the consulting agreement. However, for the purposes of this appeal, the amendment is not relevant.

the agreement could "not be amended, terminated[,] or otherwise changed except by a writing signed by both parties."

From 1987 to 2017, nearly thirty years, the parties operated under the consulting agreement and yearly payments were made by AMBIT to Horizon. However, in December of 2017, when Horizon submitted its annual invoice to AMBIT for consulting services, AMBIT responded with a letter. In this letter, dated January 27, 2018, AMBIT wrote that as the parties' consulting agreement had "no value to [AMBIT,]" that it was "time to disband the [a]greement and simplify" the relationship between the parties "to just landlord-tenant." AMBIT cited its desire to exit the agreement due to: (1) litigation between the parties related to a landlord-tenant dispute; (2) the parties taking adverse positions regarding the use of a particular parcel as a viable fuel option for AMBIT and the appropriate remediation of such property; and (3) AMBIT's "battle" before the West Virginia Public Service Commission "for its very existence."[3]

As a result of AMBIT's non-payment of consulting fees, Horizon filed the underlying action. In response, AMBIT filed a motion to dismiss, which was denied by the court. Discovery commenced between the parties and shortly thereafter AMBIT filed a motion for summary judgment. AMBIT's motion for summary judgment was granted by

---

[3] In pleadings below, and before this Court, AMBIT avers that during its protracted litigation with Horizon on the landlord-tenant issue, that Horizon criticized and disparaged AMBIT, causing trust between the parties to be broken.

the circuit court, based upon the court's finding that the parties' consulting agreement was substantively unconscionable and unenforceable as it violated public policy.[4]

Horizon appealed the circuit court's award of summary judgment to AMBIT to the Supreme Court of Appeals of West Virginia ("Supreme Court"). The Supreme Court reversed the circuit court's award of summary judgment after determining that the parties' consulting agreement was not procedurally unconscionable. The Supreme Court did not speak as to the substantive unconscionability of the consulting agreement, as a finding of both procedural and substantive unconscionability is necessary to find a contract term unenforceable.[5] *See Horizon Ventures of W. Va., Inc v. Am. Bituminous Power Partners, L.P.*, 245 W. Va. 1, 857 S.E.2d 33 (2021) ("2021 *Horizon*"). The award of summary judgment to AMBIT was reversed and the matter was remanded to circuit court.

Upon remand, the parties' filed competing motions for summary judgment and identified that the questions of law before the court were: (1) whether the purpose of the consulting agreement was frustrated due to changed circumstances between the parties and (2) whether the agreement was impracticable. AMBIT further asserted that the agreement was substantively unconscionable; that Horizon breached its responsibilities under the agreement because, over time, it no longer had the necessary expertise to fulfill its

---

[4] Despite finding in AMBIT's favor, the court concluded that AMBIT had waived its objections to the consulting agreement until June of 2018 and was, therefore, required to pay Horizon $50,000 for the year 2018.

[5] The Supreme Court also found that the circuit court erred in concluding that the parties' consulting agreement was unenforceable because it violated public policy, as neither AMBIT nor the circuit court provided any support for such a ruling.

contractual duties; and that Horizon breached the duty of good faith and fair dealing implicit in every contractual agreement by filing lawsuits against AMBIT.

Horizon argued that AMBIT had never actually asked Horizon to perform a duty under the agreement, and that, accordingly, Horizon could not breach an agreement under which it was never asked to perform. During the June 24, 2022, hearing on the motion for summary judgment, AMBIT failed to offer any evidence that it made a request of Horizon to perform under the consulting agreement and that Horizon was unable or unwilling to perform.[6]

In its July 19, 2022, order awarding summary judgment to Horizon, the circuit court specifically noted that, at least four times, it asked AMBIT if it had made a request of Horizon to exercise its expertise under the consulting agreement. AMBIT never directly answered the question but, instead, offered essentially nonresponsive statements, highlighting the acrimonious history of the parties in the lawsuit related to landlord-tenant issues. Critically, the court found "that AMBIT never provided a substantive answer to the Court's inquiry upon which the court could render a decision in AMBIT's favor."

In contrast, Horizon offered the statement of its president Stanley Sears, that Horizon stood "ready[,] able[,] and willing to perform [the consulting agreement] in good faith." Mr. Sears further explained that the "goals of the parties to the [consulting

---

[6] AMBIT alleged, during the June 24, 2022, hearing, for the first time, that it asked Horizon to "remain patient" in regard to the debt payments in 2013, that Horizon then filed suit, and that request to "remain patient" was actually a "real live formal request" for expertise. The court disagreed and explained in its July 19, 2022, order, that a request to remain patient and wait for payment is not a request for expertise that triggered the parties' consulting agreement.

5

agreement] are similar and that . . . it is in the best interest of both parties to keep the Grant Town Power Plant operated by [AMBIT] open, viable, and profitable." This statement was specifically referenced in the Supreme Court's opinion in 2021 *Horizon*, 245 W. Va. at 5, 857 S.E.2d at 37.

The circuit court agreed with Horizon and concluded that AMBIT did not provide the court with evidence that Horizon was not ready, able, and willing to perform under the consulting agreement. With that fact in mind and given that AMBIT did not offer any direct evidence that Horizon was requested to provide consulting services and refused to do so, the court concluded that AMBIT was in breach of the agreement and Horizon was entitled to summary judgment as a matter of law.

In discussing its decision, the circuit court specifically and thoroughly addressed AMBIT's affirmative defenses of impossibility, frustration, and commercial impracticability, and Horizon's alleged breach of the duty of good faith and fair dealing, at length, finding each of these defenses as inapplicable. The court entered a judgment in favor of Horizon in the amount of $250,000 and directed that "[f]ees and costs, if any, shall be paid by AMBIT."

On July 29, 2022, AMBIT filed a motion to alter, amend judgment. In its motion, AMBIT argued that the July 19, 2022, order awarding Horizon summary judgment was deficient in that it was prepared by counsel for Horizon and, "failed to accurately reflect the facts and law of the case." Further, AMBIT argued that the July 19, 2022, order "misstates the facts and law of this case and introduces even more complexities than in the

case itself[,]" AMBIT argued that, accordingly, "it would be an obvious injustice to proceed to judgment in reliance" upon this order.

Conversely, Horizon acknowledged that the court's award of summary judgment was proper. Horizon noted that "[i]t is perhaps theoretically possible that Horizon did not represent all of AMBIT's arguments" in the proposed summary judgment order. Horizon explained that this was because not all of AMBIT's arguments were "comprehensible to any ordered attempt to apply a basic understanding of cause and effect." However, Horizon asserted that it did not misrepresent any of AMBIT's arguments. The circuit court agreed with Horizon and denied AMBIT'S motion to alter, amend judgment.

Further, the court noted that through motions practice and oral arguments before the court, that both parties declared the claims at issue were "ripe for summary judgment consideration." The court found that the "factual recitations contained in the order granting summary judgment were accurate as to the dispositive issues in this case." Accordingly, as the award of summary judgment was appropriate as written, the court, by order entered August 4, 2022, denied AMBIT's motion to alter, amend judgment. It is from the court's August 4, 2022, order that AMBIT now appeals.

**Standard of Review**

The Supreme Court has consistently held that the standard for a motion to alter or amend a judgment "is the same standard that would apply to the underlying judgment upon which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W. Va. 430. 513 S.E.2d 516 (1995).

As to summary judgment, the Supreme Court has proclaimed that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In *Gray v. Boyd*, 233 W. Va. 243, 757 S.E.2d 773 (2014), the Court further discussed summary judgment and found that:

> 2. """A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).' Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W. Va. 706, 421 S.E.2d 247 (1992)." Syl. Pt. 2, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).
>
> 3. "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).
>
> * * *
>
> 6. "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing of an essential element of the case that it has the burden to prove." Syl. Pt. 4, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

Syllabus Pts. 2, 3, and 6. *Gray*, 233 W. Va. at 245, 757 S.E.2d at 776.

With these standards in mind, we now consider the issues raised on appeal.

## Discussion

On appeal, AMBIT advances two assignments of error, which we will address in turn. In its first assignment of error, AMBIT argues that the circuit court erred in granting

8

Horizon's motion for summary judgment, as unresolved issues of fact remain. We disagree. Our examination of the record reveals that there are no genuine unresolved issues of material fact that remain, making the matter ripe for summary judgment.

In this case, following remand, both parties filed competing motions for summary judgment and represented to the court that the matter was ready for consideration of dispositive motions. There is no dispute of the relevant and material facts necessary to resolve the matter – the parties had a longstanding agreement that both parties abided by for nearly thirty years, until 2017, when AMBIT unilaterally terminated the contract by non-payment of the yearly consulting fee.

In its motion to alter, or amend judgment below, and before this Court (both in written and oral arguments), AMBIT cited a portion of the Supreme Court's decision in *Horizon Ventures of W. Va., Inc. v. Am. Bituminous Power Partners, L.P.*, 246 W. Va. 374, 873 S.E.2d 905 (2022) ("2022 *Horizon*"), wherein the court stated:

> [w]e find that as it relates to the relationship of these parties [AMBIT and Horizon] the inherent ambiguity in these documents that ultimately revert to a question of the intent of the parties in how they were to be bound in the future preclude summary judgment as a tool to dispose of these claims.

*Id.* W. Va. at 388, 873 S.E.2d at 919. AMBIT argues that given this pronouncement by the Supreme Court, summary judgment was not proper in the underlying action. We find this argument is nothing but an attempt by AMBIT's skilled and experienced counsel, to "muddy the waters" as to the actual issue presently before this Court.

In the 2022 *Horizon* case, the Supreme Court addressed the complex and technical lease-agreement between the parties – a contract separate and apart from the simple and

9

straightforward contract at issue in the instant case. *See id.* In the 2022 *Horizon* case, there was much alleged ambiguity and factual dispute of the terms of the lease agreement, a 1996 Settlement Agreement, and AMBIT's admission in the settlement agreement. *See id.* In contrast, here, there is no ambiguity in the consulting agreement, nor is there any question of the intent of the parties in how they were to be bound in the future. Such facts are well addressed in Justice Hutchison's concurring opinion in the Supreme Court's decision in 2021 *Horizon*, wherein he stated that the:

> [parties']1987 [consulting agreement] was one of many deals negotiated and signed [by the parties] in the late 1980s as part of the construction of a $100 million power plant . . . Lawyers, bankers, bond specialists, business folks, all sorts of sophisticated actors swirled through the project when the [consulting agreement] was signed. AMBIT dutifully complied with [consulting agreement] and, by my calculation paid Horizon $1.5 million over thirty years before someone at AMBIT decided to claim the contract terms were unfair."

245 W. Va. at 14, 857 S.E.2d at 45.

Justice Hutchison further noted that while "the equitable doctrine of unconscionability 'permits courts to protect parties from grossly unfair, unconscionable bargains; it does not permit courts to protect commercial litigants from stupid or ineffective bargains willingly and deliberately entered into.' *State ex rel. Johnson Controls, Inc. v. Tucker*, 229 W. Va. 486, 497, 729 S.E.2d 808, 819 (2012)." *Id.* at 13, 857 S.E.2d at 45. Justice Hutchison determined that the existing record before the Supreme Court in 2021, much like the "Agreed-To Appendix" in the instant case, "points to the [consulting agreement] fitting the definition of a 'stupid or inefficient bargain willingly entered into.'" *Id.*

10

It is possible, under law, for parties to willingly enter into "allegedly stupid or inefficient bargains," such as the underlying consulting agreement. Specifically, the Supreme Court has established "that the freedom to contract is a substantial public policy that should not lightly be dismissed." *Wellington Power Corp. v. CNA Sur. Corp.*, 217 W. Va. 33, 38, 614 S.E.2d 680, 685 (2005). Further, in *State v. Memorial Gardens Development Corp.*, 143 W. Va. 182, 101 S.E.2d 425 (1957) the Supreme Court recognized, in part, that:

> . . . men of full age and competent understanding shall have the utmost liberty of contracting, and that their contract, when entered into freely and voluntarily, shall be held sacred, and shall be enforced by courts of justice. Therefore, you have this paramount public policy to consider, - that you are not lightly to interfere with this freedom of contract.

*Id.* W. Va. at 38, 614 S.E.2d at 685.

In the underlying case, Horizon contends that AMBIT breached the parties' consulting agreement, entitling Horizon to damages for breach of contract. In West Virginia, "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014)). AMBIT and Horizon both recognize the formation of a consulting agreement between the parties herein; but do not agree as to how the contract was breached.

As to the breach, the circuit court determined that AMBIT breached the agreement by failing to pay Horizon the yearly consulting fee. While AMBIT offers a litany of reasons

11

for its alleged breach and even counters by saying that Horizon breached the agreement, we, like the circuit court, find AMBIT's "reasons" to be without merit. AMBIT did not submit any evidence that it specifically requested Horizon to perform under the consulting agreement and/or that Horizon was unable to perform. Without such evidence, AMBIT's arguments that Horizon was not qualified to provide consulting services are speculative, as Horizon was not provided the opportunity to perform. Further, we give no credence to AMBIT's inferences that its business position is wholly adverse to Horizon's position. Horizon's president has stated that the goals of Horizon and AMBIT are "similar" and that it "is in the best interest of both parties to keep the" AMBIT-owned Grant Town Power Plant "open, viable, and profitable."

We additionally note that the consulting agreement expressly provides that any amendments to the agreement, such as a termination of the agreement, must be made in writing and signed by both parties. There is no dispute that the parties herein have made no such written termination agreement and, without such agreement, the consulting agreement remains in effect.

As to the circuit court's determination that there is no genuine issue of material fact at dispute between the parties relevant to the court's determination of the limited question before it—did AMBIT breach the consulting agreement—we agree. At syllabus point five of *Jividen v. Law*, 194 W. Va. 705, 461 S.E.2d 451 (1995), the Supreme Court held, in part, that "[a] material fact is one that has the capacity to sway the outcome of the litigation under applicable law." Here there is no material fact cited by AMBIT that would "sway the outcome" of this matter. Simply put, there is no evidence that AMBIT requested

12

Horizon to provide consulting services under the consulting agreement or that Horizon refused to provide any such services. Accordingly, we find no error in the circuit court's award of summary judgment to Horizon as to its claims under the parties' consulting agreement.

In its second assignment of error, AMBIT contends that the circuit court's July 19, 2022, order fails to reflect the arguments and proceedings below and, thus, creates obvious injustice. Upon our review of the extensive record, we find no error in the circuit court's order and believe that AMBIT's argument in this vein is nothing but a veiled attempt to relitigate the validity of the consulting agreement and breach of the same.[7]

AMBIT raised this very issue in its motion to alter, amend judgment before the circuit court. The circuit court found, and we concur, that the factual recitations contained in the order granting summary judgment are accurate as to the dispositive issues in this case. The record supports the circuit court's appropriate consideration of all of AMBIT's positions prior to and in awarding summary judgment to Horizon, including AMBIT's argument of impracticability, frustration of purpose, and violation of the duty of good faith

---

[7] As part of its argument herein, AMBIT alleges that the parties' consulting agreement is substantively unconscionable. However, we remind AMBIT of the Supreme Court's ruling in 2021 *Horizon* wherein it found that the consulting agreement was not procedurally unconscionable. Thus, it is not necessary for this Court to examine any of AMBIT's claims of substantive unconscionability, recognizing that, the Supreme Court has held that "[a] contract term is unenforceable if it is both procedurally **AND** substantively unconscionable. . . Syllabus Point 20, *Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 724 S.E.2d 250 (2011)." Syllabus point 9, *Brown v. Genesis Healthcare Corp.*, 229 W. Va. 382, 729 S.E.2d 217 (2012) (emphasis added).

13

and fair dealing.[8] As noted above, throughout this litigation, AMBIT has attempted to confuse the actual matter in controversy in this case and attempts to raise a number of facts that have absolutely no relevance to the very limited issue of whether AMBIT breached the parties' consulting agreement. AMBIT readily admits that it has not paid Horizon under the consulting agreement since 2018 and did not provide any evidence that it asked for Horizon's performance under the agreement and that Horizon was either unwilling or unable to perform. The circuit court's July 19, 2022, order sufficiently addresses each of the parties' relevant arguments and is representative of the record as a whole. Accordingly, we find no error.

## Conclusion

Wherefore, for the foregoing reasons, the August 4, 2022, order of the Circuit Court of Marion County is hereby affirmed.

**Affirmed**

---

[8] In the July 19, 2022, "Final Order Granting Horizon's Motion for Summary Judgment," the circuit court thoroughly addressed AMBIT's claims including impracticability (AMBIT alleged that it was not possible for Horizon to perform under the consulting agreement because it lacked the necessary expertise. The court found that AMBIT did not provide facts that would allow a jury or the circuit court to find that the consulting agreement was "impracticable"); frustration of purpose (AMBIT argued that Horizon lacked the expertise to help AMBIT on the types of questions that would arise under the consulting agreement. The court found that AMBIT did not provide any evidence to show that the principal purpose of the contract was frustrated as AMBIT had not asked Horizon to satisfy its duties under the consulting agreement since 2006); and breach of the duty of good faith and fair dealing (AMBIT argues that by Horizon filing a lawsuit against AMBIT, Horizon has breached the duty of good faith and fair dealing. The court determined that AMBIT did not adduce any facts that would explain why it continued to pay Horizon for four years after Horizon filed a lawsuit against AMBIT for landlord-tenant issues and that AMBIT provided no legal support for its position).