# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jefferson County Vision, Inc., a West Virginia Non-Profit Corporation,
Donald Sutherland, and William Howard Adams,
Plaintiffs Below, Petitioners**

**vs.) No. 20-0789** (Jefferson County 18-C-201)

**City of Ranson, a Public Corporation of the State of West Virginia,
Defendant Below, Respondent,**

**and**

**Roxul USA, Inc., d/b/a Rockwool,
Intervening Defendant Below, Respondent.**

## MEMORANDUM DECISION

Petitioners Jefferson County Vision, Inc., Donald Sutherland, and William Howard Adams, by counsel Christopher P. Stroech, appeal the Circuit Court of Jefferson County's September 11, 2020, order denying their motion to amend. Respondent City of Ranson ("Ranson"), by counsel Keith C. Gamble, and Roxul USA, Inc., d/b/a Rockwool ("Rockwool"), by counsel James A. Walls, Joseph V. Schaeffer, and James E. Simon, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Jefferson County Vision, Inc. is a West Virginia non-profit which was formed for the purpose of preserving and protecting the quality of life for Jefferson County residents. Respondent Rockwool produces stone wool insulation and at all times relevant was in the process of building an industrial manufacturing facility in Ranson, West Virginia, on a property commonly

1

referred to as Jefferson Orchards.[1] Petitioners Sutherland and Adams are West Virginia residents who own real property near the subject property.

In 2017, the Ranson City Council revised the Ranson City Code. Per Ordinance #2017-301 ("Stack Ordinance"), any height limitations would not apply to industrial smokestacks. Prior to adopting the Stack Ordinance, Ranson published a legal notice in the *Spirit of Jefferson and Farmer's Advocate* newspaper on June 16, 2017. In September 2017, the Ranson City Council approved a zoning map classification change for the Jefferson Orchards property. Ordinance #2017-302 ("Industrial District Ordinance") created a new Special Industrial District and modified the permitted use for the property from mixed residential and commercial to heavy industrial.

Petitioners filed a complaint for declaratory relief on December 13, 2018. Petitioners' complaint against Ranson asserted two causes of action: a procedural violation of state law as to the Stack Ordinance and a procedural violation as to the Industrial District Ordinance. In the complaint, petitioners did not address the contents, basis, or substance of these ordinances, but instead raised only procedural violations. Respondent Rockwool moved to intervene in the action and filed a counterclaim for declaratory judgment. In March of 2019, petitioners first moved to amend their complaint and were granted leave to file an amended complaint. Petitioners' amended complaint corrected a misnomer as to how the defendants were named in the original complaint.

Respondent Ranson filed a motion to dismiss. Respondent Rockwool filed a motion for partial judgment on the pleadings which Respondent Ranson joined in. The motions were fully briefed and argued. On May 5, 2020, the circuit court issued its ruling on the initial dispositive motions granting respondents' motion for judgment on the pleadings as to petitioners' Stack Ordinance claim. The circuit court denied respondents' motion as to the Industrial District Ordinance, noting that "it appears the Industrial District Ordinance was enacted without the required notice under W. Va. Code § 8A-7-8 being provided" but further noted that the "matter may also be rendered moot if Ranson were to simply re-enact the ordinance" with proper notice.

On June 30, 2020, Ranson re-enacted the Industrial District Ordinance and informed the court and counsel that it had followed the additional notice procedures referenced in the court's May 5, 2020, order. Notably, no substantive changes were made to this ordinance prior to its re-adoption. On July 1, 2020, the court ordered petitioners to show cause why their case should not be dismissed as moot.

On July 15, 2020, petitioners moved the court for leave to file a second amended complaint to add substantive spot-zoning, contract-zoning, and comprehensive-plan claims as to the Stack and Industrial District Ordinances. The substantive challenges raised in the second amended complaint targeted not only the Rockwool facility, as the first improper industrial use, but also sought to prevent any further heavy industrial uses on the Jefferson Orchards parcel.

---

[1] Jefferson Orchards consisted of approximately four hundred acres and was zoned rural prior to annexation. In 2012, approximately 250 acres was rezoned from a rural reserve zoning classification to a Smart Code – New Community classification.

Respondents objected to the proposed second amended complaint, arguing that petitioners knew of the potential substantive claims and had strategically chosen not to bring them earlier in the litigation. Respondents also identified several ways that they were prejudiced by the second amended complaint. Namely, respondents argued that petitioners filed this civil action approximately fourteen months after the ordinances were adopted and noted that the litigation had been ongoing for another twenty months by the time petitioners filed the motion for leave to amend. Additionally, respondents claimed that the parties had engaged in significant dispositive motion practice on petitioners' claims that would have to be repeated if the court allowed petitioners to raise the new substantive claims. Respondent Rockwool noted that it had incurred significant costs in an effort to compel responses to discovery that petitioners had opposed when taking a narrow, procedural view of the case but which would now be relevant considering its new, substantive claims. Further, respondents noted that the passage of time increased the risk that memories would have faded and documents would have been destroyed. Respondent Ranson argued that its good faith efforts to avoid further litigation by re-enacting the Industrial District Orders would have been rendered meaningless if the court allowed petitioners to raise the new claims. Finally, Rockwool noted that it would have dramatically changed Rockwool's stakes and its decision to invest an additional $128 million in constructing its facility had petitioners timely raised any substantive challenges.

By order entered on September 11, 2020, the circuit court denied petitioners' motion to amend citing multiple grounds: prejudice to the respondents, lack of diligence on the part of the movants, and judicial estoppel. Additionally, the circuit court found that the proposed amendments would be futile because petitioners' proposed second amended complaint failed to state claims that could survive summary judgment.

Petitioners now appeal the September 11, 2020, order. Concerning our review of a circuit court's decision on a motion for leave to amend, we have held:

> A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

Syl. Pt. 6, *Perdue v. S. J. Groves & Sons Co.*, 152 W. Va. 222, 161 S.E.2d 250 (1968).

> The liberality allowed in the amendment of pleadings pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure does not entitle a party to be dilatory in asserting claims or to neglect his or her case for a long period of time. Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his or her neglect and delay.

Syl. Pt. 3, *State ex rel. Vedder v. Zakaib*, 217 W. Va. 528, 618 S.E.2d 537 (2005).

On appeal, petitioners claim that the circuit court erred in denying their motion to amend

3

the first amended complaint to substantively challenge both the Stack Ordinance and Industrial District Ordinance. They argue that the challenges were not time barred, the amendments permitted the presentation of the merits of the action, and respondents were not prejudiced by the amendments. Further, petitioners claim that the circuit court erred in denying their motion to amend to substantively challenge the Industrial District Ordinance arguing that these claims did not ripen until Ranson properly enacted the ordinance on June 30, 2020. Respondents maintain that the decision to deny the amendment was within the court's discretion and was not an abuse of discretion. Reviewing the record on appeal, we agree with respondents.

The record reflects that the circuit court correctly attempted to determine when petitioners had actual or constructive knowledge of potential claims. Accordingly, the court determined that petitioners knew or should have known of their proposed substantive claims when they filed their original complaint in December of 2018 and the court identified the following detailed facts supporting this finding:

35. The Stack Ordinance has never been amended or re-enacted, meaning that any assurances or special conditions must have arisen before its original enactment in August 2017.

36. The Industrial District Ordinance's two enactments were substantively identical, meaning that, any assurances or special conditions must have arisen before its original enactment in September 2017;

37. The City's current comprehensive plan was adopted in 2012 – five years before either ordinance was first enacted;

38. Additionally, counsel for [petitioners] represented to this Court during a motions hearing in June 2019 that [petitioners] were aware that substantive claims existed, but had chosen not to bring them.

39. This Court does not find that recent re-enactment of the Industrial District Ordinance "ripened" any of these substantive claims against either the Stack Height Ordinance or the Industrial District Ordinance.

Notably, petitioners do not contest these findings of fact on appeal. To the contrary, petitioners admit that they made the strategic decision to pursue only procedural claims in the original complaint. Petitioners were aware of their potential substantive claims as early as December of 2018, and their lack of diligence in pursuing those claims was unreasonable. Moreover, petitioners failed to meet their burden to demonstrate a valid reason for the delay in raising the amendments. Upon our review of the record, we decline to find that the circuit court abused its discretion in denying petitioners' motion for leave to amend.

Next, petitioners claim that the Industrial District Ordinance claims did not ripen until June 30, 2020, when Ranson corrected the procedural defects and properly enacted the ordinance. They argue that procedural deficits rendered the original ordinance void *ab initio*. Respondents note that petitioners did not raise this issue below, and therefore, it is not appropriate for appellate review.

Per respondents, petitioners previously took the position that their challenge to the Industrial District Ordinance "ripened again" when the ordinance was re-enacted, not that the challenge was not previously ripe. We agree with respondents' assessment.

We have repeatedly cautioned litigants against raising issues for the first time on appeal. In *State v. Costello* we recently noted:

> In general, a party who has not raised a particular issue or defense below may not raise it for the first time on appeal. "Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal. We have invoked this principle with a near religious fervor." *State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996). This Court stated in *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 216, 470 S.E.2d 162, 170 (1996):
>
> > To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace . . . . The forfeiture rule that we apply today fosters worthwhile systemic ends[,] and courts will be the losers if we permit the rule to be easily evaded. It must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.
>
> Moreover, it has been noted that
>
> > "'[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995), *quoting United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196, 115 S. Ct. 1266, 131 L.Ed.2d 145 (1995). Our cases consistently have demonstrated that, in general, the law ministers to the vigilant, not to those who sleep on their rights . . . . When a litigant deems himself or herself aggrieved by what he or she considers to be an important occurrence in the course of a trial or an erroneous ruling by a trial court, he or she ordinarily must object then and there or forfeit any right to complain at a later time.
>
> *State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996).

*State v. Costello,* 245 W. Va. 19, ___, 857 S.E.2d 51, 58 (2021).

Applying our well-established precedent, we decline to address this assignment of error which petitioners did not raise in the proceedings below.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 6, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton