# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARYANN MANOR, INC.,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-50**    (Cir. Ct. Brooke Cnty. Case No. CC-05-2021-C-49)

**CARL N. FRANKOVITCH,**
**CARL A. FRANKOVITCH,**
**TOM DECAPIO, and**
**FRANKOVITCH ANETAKIS**
**SIMON DECAPIO & PEARL, LLP,**
**Non-Parties Below, Respondents**

## MEMORANDUM DECISION

Petitioner MaryAnn Manor, Inc. ("MaryAnn Manor") appeals the October 16, 2024, order from the Circuit Court of Brooke County denying its motion to file a Second Amended Complaint and to join additional defendants, and appeals the circuit court's January 14, 2025, order denying its Rule 59(e) Motion to Alter or Amend. Carl N. Frankovitch, Carl A. Frankovitch, Tom Decapio, and Frankovitch Anetakis Simon Decapio & Pearl, LLP (collectively the "Frankovitch Defendants") filed a response.[1] MaryAnn Manor filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

This case arises from the sale of an assisted living facility located in Follansbee, West Virginia. MaryAnn Manor owned the business, and Eldersville Road, LLC, owned the real property on which the business was located. Robert Yelenovsky and Janine Yelenovsky (the "Yelenovskys") bought both the business and the real property and created two entities for this transaction. The business assets were titled in the name of Sandhill Crane Partners, LLC, and the real estate was titled in the name of Sandhill Crane

---

[1] MaryAnn Manor is represented by Peter St. Tienne Wolff, Esq. The Frankovitch Defendants are represented by Robert L. Bays, Esq., and Ryan S. Moore, Esq.

1

Properties, LLC (collectively the "Sandhill Crane Defendants"). The Frankovitch Defendants, a West Virginia law firm and some of its attorneys, represented MaryAnn Manor in connection with the transaction, prepared various legal documents, conducted the title search for the bank, and served as settlement agent.

On July 22, 2021, MaryAnn Manor filed suit against the Frankovitch Defendants in the Circuit Court of Brooke County alleging legal malpractice based on allegations that they failed to properly advise MaryAnn Manor, failed to properly secure the transaction, and took actions that defeated MaryAnn Manor's limited security interest. On November 4, 2021, MaryAnn Manor filed an amended complaint, which added the Yelenovskys, the Sandhill Crane Defendants, and The Lynch Law Group, LLC, ("The Lynch Law Group") as defendants. On January 17, 2022, the Yelenovskys and the Sandhill Crane Defendants filed a Motion to Compel Arbitration and Dismiss Amended Complaint, which the circuit court granted in an order entered on February 10, 2022. On November 2, 2022, the Frankovitch Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) of the West Virginia Rules of Civil Procedure, arguing the circuit court lacked subject matter jurisdiction because MaryAnn Manor's claims against the Frankovitch Defendants were not ripe and depended upon the outcome of the arbitration between MaryAnn Manor, the Yelenovskys, and the Sandhill Crane Defendants. On December 6, 2022, the circuit court granted the Frankovitch Defendants' motion to dismiss. The circuit court held that the arbitration would determine the validity of certain documents underlying the transactions forming the bases for MaryAnn Manor's claims, and MaryAnn Manor's claims against the Frankovitch Defendants rested on that determination. The court then found that adjudicating alongside the arbitration created a risk of inconsistent judgments, and MaryAnn Manor's claims against the Frankovitch Defendants would be moot if the documents were determined to be invalid. As a result, the Frankovitch Defendants were dismissed from the case. On January 4, 2023, the circuit court issued an order staying the claims against The Lynch Law Group pending a final determination in the arbitration. On November 16, 2023, the arbitration concluded with a "Final Award" which determined that various documents associated with the sale were valid, legal, and enforceable instruments.

As of September 26, 2024, The Lynch Law Group was the only remaining defendant in the civil proceedings in circuit court. On that date, MaryAnn Manor filed a Consent Motion for Leave to file a Second Amended Complaint pursuant to Rules 15(a) and 20 of the West Virginia Rules of Civil Procedure seeking to re-join the Frankovitch Defendants as parties to the case. The Lynch Law Group consented to this motion. On October 10, 2024, despite their prior dismissal from the matter, the Frankovitch Defendants filed a response in opposition and submitted a proposed order denying MaryAnn Manor's motion. On October 16, 2024, the circuit court entered the proposed order submitted by the Frankovitch Defendants, which concluded that MaryAnn Manor's proposed amended claims failed as a matter of law, denied MaryAnn Manor's motion for leave to file a Second Amended Complaint, and dismissed the case.

2

On October 24, 2024, MaryAnn Manor filed a motion to alter or amend pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. On October 31, 2024, MaryAnn Manor filed a supplement to its Rule 59(e) Motion and argued there was new evidence and information to further support the motion. The Frankovitch Defendants filed a response, and MaryAnn Manor was granted leave to file a reply. On January 14, 2025, the circuit court entered an order denying MaryAnn Manor's Rule 59(e) motion. It is from these orders that MaryAnn Manor now appeals.

MaryAnn Manor appeals both the order denying a Rule 59(e) motion to alter or amend judgment and the order denying a motion to amend the complaint. A motion to alter or amend is reviewed under the following standard:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). Here, the motion to alter or amend relates to an order denying a motion to amend the complaint. Circuit courts are afforded broad discretion in ruling upon motions to amend and the standard of review is as follows:

> A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

Syl. Pt. 6, *Perdue v. S. J. Groves & Sons Co.,* 152 W. Va. 222, 161 S.E.2d 250 (1968).

On appeal, MaryAnn Manor asserts two assignments of error. First, it argues the circuit court erred in denying its motion for leave to file a Second Amended Complaint because the circuit court did not apply the appropriate standard and allowed the Frankovitch Defendants, who are non-parties, to brief the motion. Second, MaryAnn Manor argues the circuit court should have granted its Rule 59(e) motion to alter or amend because MaryAnn Manor presented evidence that the court's October 16, 2024, order was unjust. We will consolidate the consideration of these assignments of error for clarity. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

3

Rule 15(a) of the West Virginia Rules of Civil Procedure[2] permits a party to amend pleadings "only by leave of court or by written consent of the adverse party," and counsels that "leave [to amend] shall be freely given when justice so requires." W. Va. R. Civ. P. 15(a) (1998). The Supreme Court of Appeals of West Virginia ("SCAWV") has interpreted this language broadly and permissively as follows:

> "The purpose of the words 'and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) W.Va.R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue."

Syl. Pt. 2, *State ex rel. Vedder v. Zakaib*, 217 W. Va. 528, 618 S.E.2d 537 (2005) (quoting Syl. Pt. 3, *Rosier v. Garron, Inc.*, 156 W. Va. 861, 199 S.E.2d 50 (1973)). Further, "a court may exercise its discretion to deny a motion for leave to amend a complaint where such amendment would not lead to a presentation of the case on its merits . . . ." *Donahue v. Mammoth Restoration & Cleaning*, 246 W. Va. 398, 406, 874 S.E.2d 1, 9 (2022) (quoting C*al. State Tchrs' Ret. Sys. v. Blankenship*, 240 W. Va. 623, 631-32, 814 S.E.2d 549, 557-58 (2018)). "[T]he liberal amendment rules under Rule 15(a) do not require the courts to indulge in futile gestures." *Id.* (internal quotations omitted).

Upon review, we find that the circuit court abused its discretion in failing to apply the appropriate legal standard to MaryAnn Manor's motion to amend the complaint and in allowing non-parties to participate in these proceedings. The circuit court's October 16, 2024, order found MaryAnn Manor abandoned its arbitration claims, found no damages could be asserted against the Frankovitch Defendants, found the Second Amended Complaint failed to state a claim for legal malpractice, and then dismissed the case.[3] The circuit court failed to clearly state what standard was applied to the motion at issue, which the parties dispute here on appeal, and this order makes findings of fact and conclusions of law that are more akin to either a Rule 12(b) or Rule 56 motion. In addition, the circuit court failed to provide a meaningful analysis as to how MaryAnn Manor's proposed second

---

[2] Rule 15(a) of the West Virginia Rules of Civil Procedure was amended on January 1, 2025, but both the motion and order at issue here were filed prior this amendment taking effect. As a result, the former version of this rule applies here.

[3] It is further unclear from the record why the circuit court dismissed this case while The Lynch Law Group remained a defendant below or what conclusions of law supported its decision.

amended complaint fails to meet Rule 15(a) or any of the established standards discussed above,[4] failed to discuss the implications of the written consent provided by The Lynch Law Group[5] as the only adverse party remaining in this action, and failed to provide sufficient factual findings and conclusions of law to support its decision.

Further compounding the error, the circuit court allowed the non-party Frankovitch Defendants, who were previously dismissed from the case, to file a response in opposition to MaryAnn Manor's motion to amend, and then subsequently adopted the Frankovitch Defendants' proposed order. In support of the orders on appeal, the Frankovitch Defendants argue the circuit court did not err by allowing them to object to the proposed Second Amended Complaint because it best serves the interests of judicial economy to allow these arguments to be raised in response to the Rule 15(a) motion, rather than allowing the amendment to the complaint and making those same arguments in a Rule 12(b)(6) motion to dismiss. However, Rule 15(a) does not provide that a non-party to a case is permitted to respond to such a motion, and the Frankovich Defendants cite no case law to support this argument. As a result, we vacate the orders on appeal and remand the matter to the circuit court with instructions to reinstate this case to its docket and review MaryAnn Manor's Consent Motion for Leave to file a Second Amended Complaint pursuant to Rules 15(a) and 20 of the West Virginia Rules of Civil Procedure, without the consideration of any argument, briefing, or proposed order submitted by non-parties.

---

[4] The Frankovitch Defendants argue that the circuit court's order should be affirmed based on the principle that "[i]t is not an abuse of discretion to deny a motion to amend if the proposed amendment would be futile." *Johnson v. Pinson*, 244 W. Va. 405, 415, 854 S.E.2d 225, 235 (2020). While the circuit court did not explicitly state that it was refusing MaryAnn Manor's motion to amend because amendment would be futile, the Frankovitch Defendants claim that this was essentially what the court concluded by determining that MaryAnn Manor could not demonstrate damages against the Frankovitch Defendants on its malpractice claims because it had not been awarded damages in arbitration. To the extent this was the circuit court's reasoning, on the record before us, we disagree. While MaryAnn Manor's alleged failure to pursue or prevail on claims against the Yelenovskys or the Sandhill Crane Defendants in arbitration may be relevant to its failure to mitigate damages caused by the Frankovitch Defendants' alleged malpractice, nothing in the record before us demonstrates that MaryAnn Manor cannot demonstrate any malpractice damages against the Frankovitch Defendants simply because it was not awarded damages in the November 16, 2023, Final Award issued by the arbitrator.

[5] The Lynch Law Group's response to MaryAnn Manor's Motion for Leave to File Second Amended Complaint stated, in pertinent part, that it did "not object to the filing of the proposed Second Amended Complaint…provided that all claims against The Lynch Law Group, LLC are dismissed with prejudice."

5

Accordingly, the circuit court's October 16, 2024, and January 14, 2025, orders are vacated, and this case is remanded to the circuit court for further proceedings consistent with this decision.

Vacated and Remanded for further proceedings.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White